UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

YVONNE      EMERSON                          CIVIL ACTION NO. 14-2275

VERSUS                                       DISTRICT JUDGE DEE D. DRELL

XYZ INSURANCE COMPANY, et al                 MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for leave to amend, doc. #3, referred to me by the District Judge for Report and Recommendation.      Plaintiff sued Clark Dunbar, a warehouse -type flooring company, for a trip and fall accident where she alleges she tripped over a forklift machine which had been left in the aisle. The defendant removed the case based on complete diversity jurisdiction. The next day, plaintiff filed the instant motion to add as a defendant the employee who allegedly left the forklift in the aisle. The amendment would destroy diversity because the employee is a Louisiana resident.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, either consent of the opposing party or leave of court is required.

The declaration enunciated in Rule 15 that leave to amend shall be freely given when justice so requires is a mandate.  Foman v. Davis, 371 U.S. 178, 182 (1962).  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  Id.  The presumption in favor of liberal amendment

reflects two of the most important principles behind the Federal Rules of Civil Procedure: (1) pleadings are to serve the limited role of providing notice to the opposing party of the claim or defense to be litigated, and (2) mere technicalities should not prevent cases from being decided on the merits.  Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2nd Cir. 2000).

The Fifth Circuit Court of Appeals has held that "the circumstances in which the rule permits denial of leave to amend are limited,"  Ynclan v. Department of the Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991), and that a motion to amend "should not be denied unless there is a substantial reason to do so."  Jacobsen v. Osbourne, 133 F.3d 315, 318 (5th Cir. 1998).  The Supreme Court has declared that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  Foman, 371 U.S. at 182; see also Jacobsen, 133 F.3d at 318.

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. §1447(e).

In considering whether to allow a diversity-destroying amendment, the court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other relevant factors. Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1986).

Here, the court will exercise its discretion to deny the amendment because adding the non-

diverse defendant would destroy the court's jurisdiction.

Plaintiff did not seek to add the employee as a defendant until 13 months after accident and then did so only after defendant removed the case. In other words, plaintiff had a year in which to ascertain the name of the employee and add him as a defendant. The fact that a motion to do so was not filed  until the very day after removal is evidence that the amendment seeks only to destroy this court's jurisdiction. See Penny Realty, Inc. V. Southwest Capital Servs', Inc., 2008 WL 2169437 (WDLA 2008).

Further, defendant does not dispute that the employee sought to be named is an employee and was within the course and scope of his employment at the time of the accident. A plaintiff is not prejudiced by denying leave to join non-diverse employees as defendants where their employers are named defendants. Amerimex Recycling, LLC v. PPG Industries, Inc., 2008 WL 4450274 (WDLA 2008).  The employee is neither a necessary or indispensable party to the case. The plaintiff will look to Clark-Dunbar for satisfaction of any judgment, not to their forklift driver, and the employer will be liable for the acts of its employee pursuant to the principles of *respondeat superior*. There is no argument that the employer is uninsured or insolvent. Therefore it serves no useful purpose to name the employee as an additional defendant under these circumstances (where there is no dispute that the employee was working within the course and scope of his employment). See also Floyd v. Wal-Mart La, LLC, 2010 WL 2710649 (WDLA 2010) and cases from this division including Lowery v. Wal-Mart 11-1908 (WDLA 2011); and Corley v. Wal-Mart 13-625 (WDLA 2013).

Therefore, IT IS RECOMMENDED THAT plaintiff's motion to amend, doc. #3, be DENIED.

3

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.   Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 23rd day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4